**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 17 2014, 7:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAY RODIA**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BARNARD LOCKETT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1307-CR-653 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clayton Graham, Judge
Cause No. 49G17-1205-FD-32260

**February 17, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Barnard Lockett appeals the revocation of his community corrections placement. We affirm.

**Issue**

Lockett raises one issue, which we restate as whether there is sufficient evidence to support the revocation of his community corrections placement.

**Facts**

In 2012, Lockett was convicted of Class D felony domestic battery and sentenced to 545 days, with seventy-four days executed and 471 days suspended, and to 365 days of probation. In April 2013, Lockett admitted to violating the terms of his probation and agreed to serve 365 days in a community corrections program with work release. On June 14, 2013, the State filed a notice of community corrections violation against Lockett. The notice alleged that, on May 15, 2013 and May 16, 2013, Lockett was released from Duvall Residential Center ("Duvall"), but he failed to report to work. After a hearing, the trial court found that Lockett violated the terms of his community corrections placement and ordered him to serve thirty days in the Marion County Jail. Lockett now appeals.

**Analysis**

Lockett contends there is insufficient evidence to support the revocation of community corrections placement. Leona Woodson, a caseworker at Duvall, testified about the purported violations. Woodson also testified about Duvall's log-in and log-out process, and computerized and handwritten log sheets were admitted over Lockett's

hearsay objection. Lockett contends that this evidence was insufficient because Woodson had no personal knowledge of Lockett's whereabouts on those days and was not the keeper of the records at Duvall.

"A reviewing court treats a petition to revoke a placement in a community corrections program the same as a petition to revoke probation." Bass v. State, 974 N.E.2d 482, 488 (Ind. Ct. App. 2012). "The State must prove the violation by a preponderance of the evidence." Id. "[T]here is no right to probation: the trial court has discretion whether to grant it, under what conditions, and whether to revoke it if conditions are violated." Reyes v. State, 868 N.E.2d 438, 440 (Ind. 2007).

"[P]robationers do not receive the same constitutional rights that defendants receive at trial." Id.

> The due process right applicable in probation revocation hearings allows for procedures that are more flexible than in a criminal prosecution. Such flexibility allows courts to enforce lawful orders, address an offender's personal circumstances, and protect public safety, sometimes within limited time periods. Within this framework, and to promote the aforementioned goals of a probation revocation hearing, courts may admit evidence during probation revocation hearings that would not be permitted in a full-blown criminal trial.

Id. (citations omitted). In Reyes, our supreme court adopted the "substantial trustworthiness test" as "the more effective means for determining the hearsay evidence that should be admitted at a probation revocation hearing." Id. at 441. In applying the substantial trustworthiness test, "the trial court determines whether the evidence reaches a certain level of reliability, or if it has a substantial guarantee of trustworthiness." Id.

3

Woodson offered extensive testimony about the log-in and log-out process and how the log sheets were generated. She explained that the person who logs that information has a duty to accurately record that information and that the computerized system cannot be changed or tampered with after the information has been added. She also testified that identification is required to leave the building. Even if the log sheets would have been inadmissible hearsay in an ordinary criminal proceeding,[1] the record shows that they had a substantial guarantee of trustworthiness and were properly considered by the trial court.

The log sheets show that, on May 15, 2013, Lockett was released for work at 4:59 a.m. and returned at 12:32 p.m. and, on May 16, 2013, Lockett was released for work at 4:51 a.m. and returned at 8:16 p.m. This evidence taken with Woodson's testimony that she was notified by Lockett's employer that he did not work on those days was sufficient to establish that Lockett violated the terms of his community corrections placement.

## Conclusion

The evidence was sufficient evidence to support the revocation of Lockett's community corrections placement. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.

---

[1] On appeal, Lockett does not develop cogent argument supported by citation to authority establishing the log sheets were inadmissible hearsay and waives any argument to that effect. See Keller v. State, 987 N.E.2d 1099, 1121 n.11 (Ind. Ct. App. 2013), trans. denied.

4